UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>$21,460 UNITED STATES CURRENCY and )<br>$6,128 UNITED STATES CURRENCY, )<br>)<br>Defendants. ) | CIVIL NO. 3:20-CV-01085<br>JUDGE RICHARDSON |

### DEFAULT JUDGMENT AS TO ALL PERSONS AND ENTITIES EXCEPT BRYSON HATCHETT AND TIRITA HATCHETT AND ORDER OF FORFEITURE

Plaintiff United States of America, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, has moved for entry of a Default Judgment as to all persons or entities — with the exception of Bryson Hatchett and Tirita Hatchett whose claims were stricken from this matter — who may claim to have an interest in $21,460 United States currency and $6,128 United States currency (collectively "Defendant Property"), extinguishing any and all interest, right, lien or title that they may have in the Defendant Property, and for entry of an Order of Forfeiture as to the Defendant Property in the above-captioned case.

The United States has also moved for entry of an Order of Forfeiture because the Defendant Property is monies furnished or intended to be furnished by any person in exchange for a controlled substance in violation of 21 U.S.C. § 841 or 21 U.S.C. § 846, proceeds traceable to such an exchange, and/or monies used or intended to be used to facilitate such a violation, and is, therefore, subject to seizure and forfeiture under the provisions of 21 U.S.C. § 881(a)(6).

1

This Court is of the opinion that the Motion of the United States should be granted and Default Judgment and an Order of Forfeiture shall enter.

The Court makes the following findings:

1. On December 18, 2020, the United States of America filed a Verified Complaint *In Rem* seeking forfeiture of the Defendant Property, alleging that the Defendant Property is subject to forfeiture because it constitutes monies furnished or intended to be furnished by any person in exchange for a controlled substance in violation of 21 U.S.C. § 841 or 21 U.S.C. § 846, proceeds traceable to such an exchange, and monies used or intended to be used to facilitate such a violation, and it is therefore forfeitable pursuant to 21 U.S.C. § 881(a)(6);

2. Based upon the facts contained in the Declaration filed in support of the Verified Complaint *In Rem*, the government has established, by a preponderance of the evidence, the requisite nexus between the Defendant Property and the offenses alleged in the Verified Complaint *In Rem* and the Defendant Property is forfeitable, pursuant to 21 U.S.C. § 881(a)(6), because the Defendant Property constitutes monies furnished or intended to be furnished by any person in exchange for a controlled substance in violation of 21 U.S.C. § 841 or 21 U.S.C. § 846, proceeds traceable to such an exchange, and/or monies used or intended to be used to facilitate such a violation;

3. On January 21, 2021, pursuant to Summons and Warrant for Arrest *In Rem* issued by the Clerk of this Court on December 21, 2020, the United States Marshals Service served the Summons and Warrant for Arrest *In Rem* on the Defendant Property;

4. In addition, a copy of the Verified Complaint *In Rem*, Declaration in Support of Verified Complaint and Notice of Judicial Forfeiture was duly served upon the following persons

at the addresses indicated on January 15, 2021, via regular first class and certified mail, return receipt requested:

        Bryson Hatchett                    Tirita Hatchett
        1019 1st Street                       1019 1st Street
        Henderson, KY 42420          Henderson, KY 42420

5. Pursuant to the Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, Supplemental Rules G(5)(a)(ii)(A) and G(4)(b), potential claimants receiving direct notice must file a claim within the time stated within the direct notice of the forfeiture, i.e., February 19, 2021, which is thirty-five days after January 15, 2021;

6. On March 3, 2021 Bryson Hatchett and Tirita Hatchett filed claims to the Defendant Property, which were stricken from this matter by Order of the Court on October 29, 2021;

7. Public notice to all persons of said forfeiture action was also advertised on-line at "www.forfeiture.gov," the official internet government forfeiture site, for 30 consecutive days beginning on January 16, 2021 and ending on February 14, 2021;

8. Pursuant to said notice, all persons claiming an interest in Defendant Property were required to file their verified claims with the Clerk of this Court within sixty (60) days from the first date of publication of the Notice;

9. More than sixty days have passed since the first day of publication of the notice on the official government internet web site, and no person or entity, other than Bryson Hatchett and Tirita Hatchett has filed a claim or answer, or otherwise made an appearance in this action;

10. The time for filing a claim pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure has expired;

3

11. On October 13, 2021, the Clerk of this Court entered an Entry of Default as to all persons and entities who may claim to have an interest in Defendant Property except Bryson Hatchett and Tirita Hatchett; and

12. The Motion of the United States for Default Judgment and Order of Forfeiture is hereby GRANTED.

Therefore, it is hereby **ORDERED, ADJUDGED AND DECREED** that:

A. A Judgment by Default is hereby entered as to all persons or entities who may claim to have an interest in the Defendant Property, extinguishing any and all interest, right, lien or title that they may have in the Defendant Property.

B. The Defendant Property is hereby forfeited to the United States of America, and all right, title and interest in and to said Defendant Property is hereby vested in the United States of America, pursuant to 21 U.S.C. § 881(a)(6).

C. The United States Marshals Service, as custodian of said Defendant Property, shall take custody of the Defendant Property, cause it to be deposited in the appropriate asset forfeiture fund, and dispose of the same according to law.

D. The Clerk of this Court shall provide the United States Attorney's Office and the United States Marshals Service with a certified copy of this order.

Dated on this, the __10__ day of _____March_____ 2022.

*Eli Richardson*

ELI J. RICHARDSON
UNITED STATES DISTRICT JUDGE